IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

NARCISCO IBARRA,

                Petitioner,         Case No. 3:06 CV 7011

   -vs-

                                    MEMORANDUM OPINION
UNITED STATES OF AMERICA,         AND ORDER

                Respondent.

KATZ, J.

      Petitioner, Narcisco Ibarra, acting pro se, has filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. The Government has filed an opposition and asked the Court to dismiss the motion because it is a second or successive motion to vacate sentence under Section 2255 and the Petitioner has not demonstrated he has received authority from the Sixth Circuit Court of Appeals to file it. Further, the Government addresses the motion on substantive grounds based upon *Booker*. Petitioner has filed a reply and the matter is ready for ruling by this Court.

**BACKGROUND**

      Briefly stated, Defendant/Petitioner was charged in a multi-defendant indictment with several violations of federal law in connection with a drug organization in which he was alleged to have been a participant and co-conspirator. Trial by jury commenced on September 2, 1992 and resulted in a mistrial due to the inability of the jury to reach a verdict on any of the counts. A retrial resulted in a jury finding of guilty on all counts. Petitioner filed a timely notice of appeal

and the Court of Appeals affirmed the conviction and sentence. *United States v. Ibarra,* 39 F.3d 1182, 1994 WL 60102 (6th Cir. 1994)(unpublished).

On April 30, 1997 Petitioner file a motion pursuant to Section 2255 to vacate his sentence; that motion was denied on July 24, 1998. On January 10, 2006 the instant motion was filed based upon the Supreme Court decision in *United States v. Booker*, 543 U.S. 220 (2005).

## DISCUSSION

As articulated by the Government, in this Circuit the Court of Appeals has consistently held that a prisoner must first obtain permission from that Court to file a second or successive Section 2255 motion. *In re Green*, 144 F.3d 384, 388 (6th Cir. 1998). The record before this court fails to reflect the issuance of such an order from the Court of Appeals authorizing the filing of Petitioner's instant motion/application. For that reason alone, this Court lacks authority to entertain the motion pursuant to Section 2255.

As noted by the Government, it is not necessary for the Court to resolve the instant motion on its merits, however, in the interest of judicial economy, this Court will do so.

The substantive basis for Ibarra's claim rests upon the *Booker* case. That case made the United States Sentencing Guidelines advisory rather than mandatory. However, as noted by this Court and the Court of Appeals, the Supreme Court stated that its holding was applicable to cases pending on *direct* review as of January 12, 2005, and did not address the issue of Section 2255 or any other collateral challenges. In *Humphress v. United States*, 398 F.3d 855 (6th Cir. 2005) this Circuit held that *Booker* did announce a new rule of criminal procedure, but that new rule does not apply retroactively in collateral proceedings. Thus, applying *Humphress* to the instant case, since

Ibarra's case was not pending on direct appeal at the time of the *Booker* decision, his motion must be denied.

## CONCLUSION

Since Petitioner has not established that he has obtained the authorization required as noted above, the instant motion for relief from judgment under Section 2255 is dismissed, without prejudice to his right to move the Court of Appeals for an order authorizing the filing of a second or successive Section 2255 Petition. Further, the same is also denied on its merits since the *Booker* case does not apply to Petitioner's case.

IT IS SO ORDERED.

    s/ *David A. Katz*
DAVID A. KATZ
SENIOR U. S. DISTRICT JUDGE